**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 7:12-cr-00029** | |
| | ) | | |
| **v.** | ) | **MEMORANDUM OPINION** | |
| | ) | | |
| **DERRICK JEROME TRUTTLING,** | ) | **By:** | **Hon. Michael F. Urbanski** |
| **Petitioner.** | ) | | **United States District Judge** |

Derrick Jerome Truttling, a federal prisoner proceeding pro se, filed a motion to vacate,

set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to

dismiss, and Truttling responded, making the matter ripe for disposition. After reviewing the

record, the court grants the United States' motion to dismiss because none of Truttling's claims

entitle him to relief.

## I.

A grand jury returned a five-count indictment against Truttling for violations of 18

U.S.C. §§ 841(a), 922(g), and 924(c). Pursuant to a written plea agreement, Truttling pleaded

guilty on September 13, 2012, to possessing with intent to distribute a mixture and substance

containing a detectable amount of cocaine base, in violation of 18 U.S.C. § 841(a)(1) and

(b)(1)(C) ("Count Two"), and possessing a firearm in furtherance of a drug-trafficking crime, in

violation of 18 U.S.C. § 924(c) ("Count Four").[1] The court conducted a Rule 11 colloquy and

determined Truttling knowingly, intelligently, and voluntarily pleaded guilty after reviewing the

written plea agreement with Truttling.

The court determined Truttling to be a career offender, pursuant to 28 U.S.C. § 994(h)

and United States Sentencing Guideline ("U.S.S.G.") § 4B1.1.[2] Truttling had prior convictions

---

[1] All other counts were later dismissed.

[2] A career offender is a convict, like Truttling, who, inter alia, was eighteen years old and committed a
controlled substance offense and had at least two prior felony convictions of a "crime of violence." U.S.S.G.

for "crimes of violence," as defined by U.S.S.G. § 4B1.2(a). The first crime was armed robbery with a firearm for punching and forcibly stealing a purse from senior citizens with an accomplice who was armed with a firearm.[3] The second crime was armed robbery with a firearm for robbing an illegal gambling establishment with an accomplice who shot two victims. Due to Truttling's career offender status, acceptance of responsibility, and conviction for Count Four, Truttling's offense level increased from 26 to 34. The court further determined that Truttling's Criminal History Category of VI overstated his criminal history and departed downward by one level. The applicable guideline range consequently became 235 to 293 months' incarceration. After considering the factors described in 18 U.S.C. § 3553(a), the court sentenced Truttling to, inter alia, 235 months' incarceration: a 175 month sentence for Count Two and a 60 month consecutive sentence for Count Four. Truttling did not appeal.

Truttling timely filed the instant § 2255 motion, which presents a claim of ineffective assistance of counsel and a claim that the United States breached the plea agreement. The United States argues that counsel did not render ineffective assistance and that it did not breach the plea agreement. After reviewing the record, the court agrees with the United States and dismisses the § 2255 motion.

## II.

Truttling first argues that counsel was ineffective because counsel failed to argue that the two prior crimes of violence used to classify him as a career offender were not "crimes of

---

§ 4B1.1(a). A "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a).

[3] The probation officer testified during the sentencing hearing that the senior victims made sworn statements that Truttling punched one of the victims several times in the face before stealing the purse. Truttling testified during the sentencing hearing that he did not punch anyone during the robbery.

violence as . . . interpreted" by <u>Johnson v. United States</u>, 559 U.S. 133 (2010), and <u>Descamps v. United States</u>, __ U.S. __, 133 S. Ct. 2276 (2013).

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The first prong of <u>Strickland</u> requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[4] <u>Strickland</u>, 466 U.S. at 687-88; <u>see</u> <u>Padilla v. Kentucky</u>, 559 U.S. 356, 364 (2010) (holding the right to effective counsel extends to plea negotiations). The second prong of <u>Strickland</u> requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."[5] <u>Id.</u> at 694. Because Truttling pleaded guilty, he must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Truttling fails to establish that counsel performed deficiently or that he was prejudiced. The holdings of <u>Johnson</u> and <u>Descamps</u> do not apply to Truttling.[6] <u>Johnson</u> held that a Florida state-court conviction for battery is not a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and <u>Descamps</u> clarified the test for determining whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). However, Truttling was not charged as an Armed

---

[4] <u>Strickland</u> established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" <u>Strickland</u>, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." <u>Id.</u>

[5] If a petitioner has not satisfied one prong of the <u>Strickland</u> test, a court does not need to inquire whether petitioner has satisfied the other prong. <u>Strickland</u>, 466 U.S. at 697.

[6] The court recognizes that <u>Descamps</u> was issued after the sentencing hearing, and thus, counsel could not have argued the application of a case that had not yet been decided.

Career Criminal under 18 U.S.C. § 924(e) or sentenced under the Armed Career Criminal guideline, U.S.S.G. § 4B1.4. The criteria for prior convictions for purposes of the career offender guideline, which applied to Truttling, and for Armed Career Criminal statutes, which were not applied to Truttling, are different. <u>See, e.g.</u>, U.S.S.G. § 4B1.4 comment n.1 ("It is to be noted that the definitions of 'violent felony' . . . in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" . . . used in § 4B1.1 (Career Offender). . . ."). Accordingly, counsel did not render ineffective assistance by not citing <u>Descamps</u> and <u>Johnson</u> to argue Truttling was not a career offender, and this claim is dismissed.[7]

### III.

Truttling argues that the United States violated due process and breached the plea agreement by not filing a motion for substantial assistance on Truttling's behalf, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. Truttling avers that substantial assistance occurred because a friend worked as a confidential informant on Truttling's behalf.[8] The United States has not moved to reduce Truttling's sentence.

Truttling acknowledged in the relevant portion of the written plea agreement both that he was not promised a motion for substantial assistance and that the United States had no obligation to file that motion, even if he fully cooperated with law enforcement. Plea Ag't 4. Truttling testified under oath both that the written plea agreement constituted the entire agreement with the United States and that no one had promised or assured Truttling anything other than the terms and conditions described in the written plea agreement. Plea Hr'g Tr. 13:21-25 – 14:4-6. Any

---

[7] Additionally, counsel did, in fact, argue at sentencing that Truttling should not be considered a career offender, citing his youth and inexperience when he committed the two prior crimes of violence. Also, Truttling benefitted from the plea agreement due to the three-point reduction for accepting responsibility, dismissal of other counts of the indictment, and not being charged as an Armed Career Criminal.

[8] Truttling does not allege that the United States has not filed a substantial assistance motion because of an unlawful motive.

allegations made in the § 2255 motion that contradict Truttling's sworn statements during the plea colloquy are patently frivolous and false. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Consequently, Truttling fails to show a breach of the plea agreement, and "'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade v. United States, 504 U.S. 181, 186 (1992). Accordingly, this claim is dismissed.

## IV.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses the motion to vacate, set aside, or correct sentence. Based upon the court's finding that Truttling has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: July 2, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge