IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:12-cr-00029 |
| v. ) | |
| ) | |
| DERRICK JEROME TRUTTLING, ) | By:   Michael F. Urbanski |
| Defendant-Petitioner ) | Chief United States District Judge |

MEMORANDUM OPINION

This matter comes before the court on a motion for compassionate release filed by Derrick Jerome Truttling pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 125. The Federal Public Defender was offered an opportunity to file a supplemental motion but declined to do so. ECF Nos. 127, 128. The government filed a response to the motion on January 3, 2023. ECF No. 129. As discussed more fully below, the court **DENIES** Truttling's motion for compassionate release.

I. Background

On April 12, 2012, Truttling was charged in an indictment with three counts of drug distribution in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 1, 2, and 3), one count of using a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c) (Count 4) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 5). Indictment, ECF No. 10. On September 13, 2012, Truttling entered into a written plea agreement in which he agreed to plead guilty to Counts 2 and 4 of the indictment. The remaining counts would be dismissed. Plea Agreement, ECF No. 32 at 1–2. On December 17, 2012, the court sentenced Truttling to 175 months on Count 2, possession with intent to distribute cocaine base, and a consecutive term of 60 months on Count 4, possession of a

1

firearm in furtherance of a drug trafficking crime, for a total of 235 months, to be followed by a 5-year term of supervised release. J., ECF No. 43.

Truttling did not file a direct appeal but did file a § 2255 motion for habeas corpus relief on November 27, 2013. ECF No. 48. On July 2, 2014, the court denied Truttling's § 2255 motion. ECF Nos. 60, 61. Truttling appealed, and the Fourth Circuit dismissed the appeal on December 23, 2014. ECF Nos. 80, 81. Truttling currently is incarcerated at Federal Correctional Institution (FCI) Coleman Low and has a projected release date of June 11, 2029.[1]

### II. Compassionate Release

Truttling seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is entitled to compassionate release based on COVID-19 and his serious medical conditions. In addition, he argues that he is entitled to compassionate release because his sentence is unusually long and based on factors which no longer apply, or alternatively, because the significance and weight afforded those factors have "been rejected by our society." Mot., ECF No. 125 at 24.

The compassionate release statute as amended by the First Step Act of 2018 authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Derrick Jerome Truttling") (last viewed Jan. 5, 2024).

> considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Accordingly, the court must consider (1) if Truttling exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Truttling requested compassionate release from the warden of his facility and his request was denied on September 13, 2022. Ex. 1 to Mot., ECF No. 125 at 38. He filed his motion more than 30 days after his request. Mot., ECF No. 125. The government does not contest that Truttling has exhausted his administrative remedies. Resp., ECF No. 129 at 5, n.1. Accordingly, the court finds that Truttling has satisfied the statute's exhaustion requirement.

The court next must consider whether it should reduce the term of imprisonment. The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G

3

COMM'N, GUIDELINES MANUAL §3E1.1 (NOV. 2023) ("USSG" or "guidelines"). The revised guidelines will be applied to Truttling's arguments.

### A. COVID-19

Truttling contends that he is entitled to compassionate release based on conditions created by the COVID-19 pandemic. He argues that because he suffers from severe hypertension and moderate asthma, and because he is 51 years old and a black man, he is at increased risk for severe illness if he should contract the virus. Mot., ECF No. 125 at 21.[2]

Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i);
>
> and (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Truttling cannot make this showing because he cannot show either that FCI Coleman Low is affected by an outbreak of an infectious disease, or that an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI Coleman has three open cases of COVID-19 out of 5,489 inmates, and the facility is

---

[2] Truttling was about to turn 50 years old at the time he filed his motion. PSR, ECF No. 45 at 2.

4

operating at Operational Level 1, indicating that the medical isolation rate at the facility is less than two percent and that there are fewer than 100 cases per 100,000 over the last seven days.[3] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[4]

In addition, even if Truttling could show the existence of the first two conditions, he cannot show that he is at increased risk of suffering severe medical complications or death that cannot be adequately mitigated in a timely manner. Truttling argues that he is at special risk from COVID-19 because he has a history of hypertension and asthma.[5] However, he has been vaccinated against COVID-19, Med. Rs., ECF No. 129-1, and the Bureau of Prisons continues to offer booster vaccines in accordance with guidance from the Centers for Disease Control.[6] The vaccines "provide sustained protection against severe disease and death. ..."[7] Therefore, even if Truttling could show that COVID-19 was causing an outbreak at his facility or was considered an ongoing public health emergency, he cannot show that his risk could not be mitigated by a vaccine against the virus.

Based on the foregoing, Truttling cannot show that COVID-19 creates an extraordinary and compelling reason for a sentence reduction and therefore, his motion for a sentence reduction citing conditions caused by the COVID-19 pandemic is **DENIED**.

### B. Length of Sentence

Truttling further argues that his sentence is unduly harsh and unnecessarily long and

---

[3] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed Jan. 5, 2024).
[4] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed Jan. 5, 2024).
[5] Medical records submitted by Truttling showed one visit to the prison infirmary where his blood pressure was noted to be high. The record did not indicate he has been treated for asthma. Med. Rs., ECF No. 125 at 61–62.
[6] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed Jan. 5, 2024).
[7] https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (updated Oct. 13, 2023) (last viewed Jan. 5, 2024).

5

that society's evolving understanding of the severity of drug offenses indicates that sentences for drug convictions are generally too severe. He argues that the length of his sentence presents an "extraordinary and compelling reason" for a sentence reduction.

The revised guidelines provide that a defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13 (b)(6) and (c).

In Truttling's case, he has served at least 10 years of his 235-month sentence. However, he has pointed to no change in the law that has produced a gross disparity in the sentence he received in 2012 and the sentence he likely would receive today.

Truttling cites to several cases where courts granted compassionate release based on a change in the law since the time the defendant was sentenced, with the result that the defendant would be subject to a substantially shorter sentence if sentenced at the time the

6

compassionate release motion was filed. See, e.g., United States v. Scott, No. 95-202-CCB-2, 2020 WL 2467245 (D. Md. May 13, 2020) (granting compassionate release based on First Step Act change to 18 U.S.C. § 924(c) penalties for "stacked" sentences); Bellamy v. United States, 474 F.Supp.3d 777 (E.D. Va. 2020) (same); United States v. Quinn, 467 F.Supp.3d 824, 829 (N.D. Cal. 2020) (finding that "enormous disparity created by subsequent changes to federal sentencing law" constituted an "extraordinary and compelling reason" for compassionate release); United States v. Vargas, 502 F.Supp.3d 820, 826 (S.D.N.Y. 2020) (granting compassionate release and noting that "numerous defendants facing sentences imposed under mandatory Sentencing Guidelines or other since-invalidated laws or practices have been granted compassionate release at least in part based on the perceived unfairness of their original sentences[ ]"); United States v. Vigneau, 473 F.Supp.3d 31 (D.R.I. 2020) (granting compassionate release and citing to fact that the sentencing guidelines were no longer mandatory and marijuana convictions are no longer harshly sentenced); United States v. Derricoatte, No. 1:11-cr-91-10, 2020 WL 5629095 (N.D. Ohio Sept. 21, 2020) (granting compassionate release when defendant sentenced as a career offender would not be a career offender under current law).

Truttling asserts that his sentence is unduly harsh and unnecessarily long and that since he was sentenced, society's understanding of what constitutes an appropriate sentence for an offense such as his has changed. Nonetheless, unlike the defendants in the cases cited above, Truttling cannot show that a change in law would result in his being sentenced to a shorter sentence today than he received in 2012. Truttling was sentenced as a career offender in 2012 and would still be considered a career offender today as his instant offense of conviction is a felony that is a controlled substance offense and he had at least two prior felonies for crimes of

7

violence. See USSG § 4B1.1(a) and Pre-sentence Investigation Report, ECF No. 45 ¶ 18.[8] In addition, the mandatory 60-month sentence imposed on the firearm conviction would continue to apply. See 18 U.S.C. § 924(c). Given these circumstances, Truttling has not shown that he is serving an "unusually long sentence" under the guidelines and therefore has not shown an extraordinary and compelling reason for a sentence reduction. Accordingly, his motion for compassionate release based on his argument that his sentence is unduly long and harsh is **DENIED**.

### III. Conclusion

For the reasons stated, the court is unable to conclude that Truttling has shown an "extraordinary and compelling" reason for finding him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[9] Therefore, the court **DENIES** Truttling's motion for compassionate release, ECF No. 125. The Clerk is **DIRECTED** to send a copy of this opinion and the accompanying order to Truttling.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 17, 2024

Michael F. Urbanski
Chief United States District Judge

---

[8] Truttling twice was convicted in Florida of Armed Robbery with a Firearm/Deadly Weapon, PSR, ECF No. 45 ¶¶ 21, 23, and such convictions are considered "crimes of violence" under USSG 4B1.1 today. See United States v. Ochoa, 941 F.3d 1074, 1108 (11th Cir. 2019) (concluding that defendant's Florida conviction for armed robbery was a crime of violence for purposes of the career offender guideline); United States v. Swinton, 797 F. App'x 589 (2d Cir. 2019) (same).

[9] Because the court finds that Truttling has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")