**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:12-cr-00029** |
| | ) | |
| **DERRICK JEROME TRUTTLING,** | ) | **By: Michael F. Urbanski** |
| | ) | **Senior United States District Judge** |
| **Defendant-Petitioner** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Truttling's second pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. ECF No. 134. The Federal Public Defender declined to file a supplemental motion. ECF Nos. 137, 141. The government filed a response to the motion on February 17, 2026. ECF No. 142. As discussed below, the court **DENIES** Truttling's motion for compassionate release.

### I. Background

On April 12, 2012, Truttling was charged with three counts of drug distribution in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One, Two, and Three), one count of using a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c) (Count Four) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five). Indictment, ECF No. 10. On September 13, 2012, Truttling entered into a plea agreement in which he agreed to plead guilty to Counts Two and Four of the indictment. Plea Agreement, ECF No. 32 at 1–2. On December 17, 2012, the court sentenced Truttling to 175 months on Count Two and a consecutive term of 60 months on Count Four, for a total of 235 months, to be followed by a 5-year term of supervised release. J.,

ECF No. 43.

Truttling did not file a direct appeal but did file a § 2255 motion for habeas corpus relief on November 27, 2013. ECF No. 48. On July 2, 2014, the court denied Truttling's § 2255 motion. ECF Nos. 60, 61. Truttling appealed, and the Fourth Circuit dismissed the appeal on December 23, 2014. ECF Nos. 80, 81. Truttling filed his first motion for compassionate release on November 4, 2022, and the court denied it on January 17, 2024. ECF Nos. 125, 130, 131. Truttling currently is incarcerated at Federal Correctional Institution Coleman Low and has a projected release date of July 22, 2029.[1]

**II. Compassionate Release**

Truttling seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is entitled to compassionate release based on the following: (1) prosecutorial misconduct; (2) deterioration in prison conditions; (3) harsher conditions caused by the COVID-19 pandemic; (4) his efforts at rehabilitation; and (5) his youthfulness at the time he committed the offenses that served as predicates for his career offender designation. Mot., ECF No. 134 at 8–13. The government counters that none of the reasons he suggests, taken either singly or in combination, serve as extraordinary and compelling reasons for a sentence reduction. Resp., ECF No. 142.

The compassionate release statute as amended by the First Step Act of 2018 authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Derrick Jerome Truttling") (last viewed July 20, 2026).

> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Accordingly, the court must consider (1) if Truttling exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

**A. Exhaustion**

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Truttling filed a request for a sentence reduction at his facility on June 8, 2025, and his request was denied on June 11, 2025. He then filed his motion more than 30 days after his request. ECF Nos. 134, 134-4, 134-5. The government does not contest that Truttling has exhausted his administrative remedies. Resp., ECF No. 142 at 6, n.1. Accordingly, the court finds that Truttling has satisfied the statute's exhaustion requirement.

**B. Extraordinary and Compelling Reasons**

The court next must consider whether it should reduce Truttling's term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission (the Commission) amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement in the revised guidelines now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

Truttling argues that his sentence is unfair and unjust and that the court may reduce his sentence under USSG § 1B1.13(5), the "other reasons" category. Under that provision of the policy statement, a defendant must show "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This is a difficult standard to meet. See United States v. Anderson, No. 2:98-cr-l43, 2025 WL 1644020, at *6 (E.D. Va. June 10, 2025) (internal citations omitted) (finding that to qualify for relief under § 1B1.13(b)(5), circumstances must be similar to a terminal medical condition, dire family emergency, or abuse at the hand of a custodian). Truttling argues that when several circumstances related to his conviction and incarceration are considered

together, they are similar in gravity to the reasons for a sentence reduction set forth in paragraphs (1) through (4).

**1. Prosecutorial Misconduct**

Truttling makes two assertions regarding prosecutorial misconduct. He first contends that the prosecutor in his case, Ashley Neese, was accused of professional misconduct and that she no longer is an assistant United States Attorney. He also asserts that one of the investigating officers in his case, Craig Frye, was withdrawn as a witness for the United States in 2017 because it was discovered that he had "severe credibility issues."[2] Truttling claims that because the allegations against the prosecutor and the witness in his case came to light several years after he pled guilty and was sentenced, he did not have an opportunity to meaningfully dispute the witness testimony or the unscrupulous actions of the prosecutor.[3]

Truttling is foreclosed from bringing these claims in this motion for compassionate release by Fernandez v. United States, 146 S.Ct. 1292, 1300–01 (2026), where the United States Supreme Court held that claims attacking the validity of a federal conviction or sentence must be brought in a habeas corpus petition rather than in a motion for compassionate release. In addition, the fact that a movant may be procedurally barred from bringing a § 2255 petition does not create an extraordinary and compelling reason for a sentence reduction. See id. at 1303 (noting that § 2255 petitions have substantive and procedural requirements and stating "[t]hat Congress has chosen to make § 2255 a high bar is not a compelling reason to reduce the sentences of prisoners who fall short."). By alleging prosecutorial misconduct and his lack of

---

[2] The court is familiar with the allegations against Mr. Frye and has addressed them in several federal habeas motions. See, e.g., United States v. Traxel, No. 7:13-cr-09, 2020 WL 3578376 (W.D. Va. July 1, 2020); United States v. Young, No. 7:16-cr-10, 2020 WL 3578109 (W.D. Va. July 1, 2020).

[3] Truttling asserts that the firearms were not his and were it not for Frye's testimony, he would not have pled guilty to the firearm charge. Truttling does not describe any unscrupulous conduct by Neese in his case.

opportunity to challenge the statements of Officer Frye, Truttling is attempting to challenge his conviction and cannot do so in this compassionate release motion.

**2. Prison Conditions**

Truttling next argues that prison conditions have deteriorated such that his conditions of confinement have become much more arduous. He cites a 2023 news story highlighting poor prison conditions including infestations of rats and food contaminated by mold. He also claims that federal prisons are experiencing a chronic shortage of medical staff resulting in a lack of medical care. He claims that the harsh prison conditions should be considered an extraordinary and compelling reason for a sentence reduction, especially when considered alongside "his already being over-sentenced for the firearm." Mot., ECF No. 134 at 10–11. However, harsh conditions of confinement do not present an extraordinary and compelling reason for a sentence reduction. United States v. Johnson, No. DLB-21-171, 2025 WL 72143, at *4 (D. Md. Jan. 9, 2025). See also United States v. Meadows, No. 5:22-cr-00099, 2025 WL 2025372, at *4 (S.D.W.V. July 18, 2025) ("To the extent [petitioner] seeks to challenge his conditions of confinement, a motion for compassionate release is not the correct vehicle for filing complaints about prison conditions."). Rather, such claims should be brought in a civil lawsuit challenging conditions of confinement. United States v. Carter, No. 3:17-351-JFA, 2024 WL 4416580, at *8 (D.S.C. Oct. 4, 2024).

In a similar vein, Truttling complains that conditions related to COVID-19 made confinement unduly harsh and should be considered extraordinary and compelling reasons for a sentence reduction. He claims that because of the pandemic he was forced to undergo an extended lockdown period, suspension of programming and social visits, and strictly controlled movement in the prison. Mot., ECF No. 134 at 11. Truttling acknowledges that these

conditions were not particular to him but nevertheless argues that his experience is unique because of his already lengthy period of incarceration prior to the pandemic. Id. This argument has been rejected by other courts. See Anderson, 2025 WL 1644020, at *7–8 (finding broad allegations of harsh prison conditions resulting from COVID-19 fail to demonstrate case-specific circumstances warranting a sentence reduction); United States v. Boykin, No. 7:20-CR-00065-M-1, 2024 WL 4044343, at *3 (E.D.N.C. Sept. 4, 2024) (finding that complaints of toxic mold, staff misconduct, and "constant lockdowns" caused by COVID-19 affected the prison population as a whole and were not extraordinary and compelling concerns warranting a sentence reduction); United States v. Omar, No. 2:11-cr-34, 2024 WL 4786143, at *6 (E.D. Va. Nov. 14, 2024) (noting that courts have found that harsh prison conditions related to the pandemic, without more, are not sufficiently extraordinary and compelling to warrant compassionate release).

Truttling is correct that the Fourth Circuit in United States v. Brown, 78 F.4th 122, 132 (4th Cir. 2023), cited harsh prison conditions caused by the pandemic as part of its rationale for remanding a case for a sentence reduction. However, the court also found that there was a gross disparity between Brown's sentence of 57 years, in part the result of "stacked" 18 U.S.C. § 924(c) sentences, and the sentence he would have received in 2023 after Congress revised the statute in 2018. Id. at 130–31.[4] In addition, the court was struck by "the sheer and unusual length" of Brown's sentence, which, because it was imposed when he was 34 years old, was effectively a life sentence, although he was not charged with any physical violence or injury. Id. at 131. In addition, the court noted that Brown received a far lengthier sentence than his

[4] After the Supreme Court's decision in Rutherford v. United States, 146 S.Ct. 1320 (2026), a disparity created by a nonretroactive amendment to a sentencing statute no longer can be considered an extraordinary and compelling reason for a sentence reduction.

codefendants, each of whom received a sentence of less than 20 years, and some of whom received sentences of less than 10 years. Id. These concerns are not present in Truttling's case and while conditions caused by COVID-19 lockdowns undoubtedly made prison a harsher experience than it would have otherwise been, the prison conditions, without more, do not rise to the level of extraordinary and compelling reasons for a sentence reduction.

**3. Rehabilitation**

Truttling also cites his rehabilitation as a ground for a sentence reduction. He obtained his GED in 2015, has taken other classes, and works as a unit orderly. Individual Needs Plan, ECF No. 134-2 at 2–4. In addition, his security classification is "low," and he is considered to have a low risk of recidivism. Recidivism Risk Assessment, ECF No. 134-6. Truttling submitted a letter from his parents telling the court that since he has been incarcerated, they have seen Truttling undergo a meaningful transformation in his character, attitude, and goals. They believe that he is ready to reenter society as a responsible and contributing member of the community. In addition, they own a family cement and masonry business and hope that Truttling will maintain the family business upon his release from incarceration, and they pledge to support him as he transitions to life outside prison. Letter, ECF No. 134-1 at 2.

The court is impressed with Truttling's commitment to rehabilitation and believes his efforts will serve him well upon release. However, rehabilitation, without more, cannot support a motion for a sentence reduction. Section 1B1.13(d) of the sentencing guidelines provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. See also

United States v. Graves, No. 7:16-cr-00056, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020) (noting that "[r]ehabilitation, standing alone, 'shall not be considered an extraordinary and compelling reason' for a sentence modification."). As Truttling has not shown any other reason for a sentence reduction, the court will not consider his rehabilitation as a standalone reason for a sentence reduction.

**4. Youth at Time of Predicate Offenses**

Because Truttling had two prior felony convictions for crimes of violence (armed robbery with a firearm/deadly weapon), he was considered a career offender for purposes of sentencing. Pre-Sentence Investigation Report (PSR), ECF No. 45 ¶¶ 18, 21, 22. The offenses occurred when he was 18 and 21 years old, and he argues that the court did not properly consider his youth at the time he committed the offenses. He then argues that the Commission amended USSG § 5H1.1, effective November 1, 2024, to allow courts to factor in a defendant's youth at the time of an offense as a mitigating factor. That amendment recognized "[c]ertain risk factors may affect a youthful individual's development into the mid-20s and contribute to involvement in criminal justice systems" and "criminal behavior tends to decrease with age[,]" so that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." USSG § 5H1.1 (amended Nov. 1, 2024). However, this amendment does not help Truttling because the Commission deleted it effective November 1, 2025. See, generally, USSG App C, Vol. IV, Amendment 836; see also Reason For Amendment, id. at 421–23.

Nevertheless, the deleted departure provisions are preserved in Appendix B, and the Commission stated that the removal "does not limit the information courts may consider in imposing a sentence nor does it reflect a view from the Commission that such facts should no

longer inform a court for purposes of determining the appropriate sentence." See USSG Ch. 1 Pt. A intro. comment. (Nov. 2025); App C, Vol. IV, Amendment 836 at 352 (Nov. 2025). Therefore, the court finds it appropriate to consider Truttling's contention that his youthfulness serves as an extraordinary and compelling reason for a sentence reduction under USSG § 1B1.13(b)(5)'s "other reasons" category.[5] See United States v. Brown, No. 2:11-cr-152, 2024 WL 3357836, at *5 (E.D. Va. July 10, 2024) ("Although youth is not enumerated in Section 1B1.13(b), the Court will consider youth at the time of the offense under 'other reasons.'").

Truttling argues that the court can reduce the impact of the career offender designation that was predicated on offenses he committed when he was young and his brain was still developing. Mot., ECF No. 134 at 13. Truttling committed the predicate offenses when he was 18 and 21. The court acknowledges and appreciates the relationship between age, influential forces, and rational decision-making. See Roper v. Simmons, 543 U.S. 551, 569 (2005) (citing Johnson v. Texas, 509 U.S. 350, 367 (1993)) (acknowledging that juveniles, defined as individuals under age 18, lack maturity and have an underdeveloped sense of responsibility that leaves them vulnerable to negative influences and pressure).

However, to the extent courts can consider age as a mitigating factor, the guidelines do not provide a mechanism by which a court could find that a prior violent felony should not count as a predicate offense for purposes of the career offender enhancement based on the age of the defendant at the time he committed the prior offense. Truttling did not cite any

[5] While USSG § 1B1.13(b)(2) addresses when the age of a defendant might serve as an extraordinary and compelling reason for a sentence reduction, that subsection of the policy statement does not contemplate that a defendant's youth could serve as a basis for compassionate release. Rather, it contemplates compassionate release for a defendant who "is at least 65 years old . . . is experiencing a serious deterioration in physical or mental health because of the aging process . . . and has served at least 10 years or 75 percent of his or her term of imprisonment." Id.

authority in support of his argument and the court knows of none. Moreover, in Truttling's case, at sentencing the court found that his guidelines range of 262 to 327 months over-represented his criminal history. See Statement of Reasons, ECF No. 44 at 2–5 (filed under seal). The court noted that Truttling committed the armed robberies when he was 18 and 21 years old and had not been convicted of similar violent crimes in later years. Although the court did not explicitly acknowledge Truttling's youth, by noting that Truttling had not committed other violent acts after the age of 21, the court tacitly recognized that his youth was a factor in the violent crimes he committed. The court reduced his criminal history by one category resulting in an advisory guidelines range of 235 to 293 months and sentenced him to the bottom of the range. Id. The record does not support a finding that Truttling is entitled to an additional reduction in his sentence based on his age at the time he committed the predicate offenses that led to his being sentenced as a career offender.

**C. 18 U.S.C. § 3553(a) Factors**

Because the court finds that Truttling has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent . . . they are applicable.'").

**III. Conclusion**

For the reasons stated, the court concludes that Truttling has not shown an "extraordinary and compelling" warranting a sentence reduction under 18 U.S.C. §

3582(c)(1)(A). Therefore, the court **DENIES** Truttling's motion for compassionate release, ECF No. 134.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 20, 2026



Mike Urbanski
Senior U.S. District Judge
2026.08.20 13:48:16
-04'00'

Michael F. Urbanski
Senior United States District Judge